UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERRY V. GOODWYNE, ET AL                    CIVIL ACTION

VERSUS                                        NO: 06-9086

STATE FARM FIRE AND CASUALTY                  SECTION: J(3)
COMPANY

**ORDER AND REASONS**

Before the Court is Defendant State Farm Fire and Casualty
Insurance Company's **Motion for Partial Summary Judgment on Claim
for Attorney's Fees and 50% Penalty under LA-R.S. 22:652 and LA-
R.S. 22:658 (Rec. Doc. 34)**.  State Farm asks that this Court
dismiss Plaintiff's claims under La. R.S. 22:652 and hold that
the amendments to La. R.S. 22:658 do not apply to this case.

This motion, which is opposed, is set for hearing on
December 12, 2007 on the briefs.  Upon review of the record, the
memoranda of counsel, and the applicable law, this Court now
finds, for the reasons set forth below, that State Farm's motion
should be denied.

**<u>Background Facts</u>**

Plaintiffs-insureds suffered dwelling and content damages
due to Hurricane Katrina.  State Farm paid Plaintiffs $22,995.79
for dwelling damages, contents, and loss of income attributable

to wind, all pursuant to a business office policy issued by State Farm to Plaintiffs.

Plaintiffs claim that State Farm breached the insurance contract and owes Plaintiffs additional policy proceeds and damages.

## The Parties' Arguments

State Farm asserts that Plaintiffs do not have a right of action under Section 652, as that section does not grant a private citizen a right of action.  In response, Plaintiffs indicate that they have not made a claim for relief under Section 652.

State Farm also asserts that the version of Section 658 in effect at the time of Plaintiffs' loss did not allow for recovery of attorney's fees or fifty percent damages as a penalty.  State Farm makes other arguments against the retroactive application of Section 658.  In response, Plaintiffs argue that Section 658 is remedial in nature and should be retroactively applied as it imposes a penalty and therefore does not affect the substantive rights of the parties, nor does it impair the obligations of the contract existing between them.

## Discussion

### A. Section 652 claim

Because Plaintiff is not seeking relief under Section 652, this portion of State Farm's motion for partial summary judgment

2

should be denied as moot.

**B. Section 658 claim**

    In <u>Conlee v. Fireman's Fund Ins. Co.</u>, this Court determined that "La. R.S. 22:658 is substantive in nature and, thus, should not be applied retroactively."  No. 06-660, 2007 WL 2071860, at *2 (E.D. La. July 17, 2007).  However, the amendment does apply prospectively.  See <u>id.</u> at *3.  In <u>Conlee</u>, where the insurance company's "misconduct continued after the effective date of the amendment on August 15, 2006," the plaintiff could recover penalties under the amended statute.  <u>Id.</u>; see also <u>Grilletta v. Lexington Ins. Co.</u>, No. 06-4333, 2007 WL 2695340, at *3 n.1 (E.D. La. Sept. 11, 2007).  Thus, "Defendant's alleged post-amendment misconduct coupled with Defendant's continuing duty to fairly and promptly adjust claims may suggest a finding that, as a matter of law, Defendant is subject to the 2006 amendment to Section 658." <u>Dagiumol v. State Farm Fire & Cas. Co.</u>, No. 06-5679, 2007 WL 2228158, at *1 (E.D. La. July 30, 2007).

    Therefore, *if* Plaintiffs allege that State Farm's breach continued after the August 15, 2006 effective date of the amended statute, Plaintiffs *may* be able to recover attorney's fees and a 50% penalty under Section 658.  Therefore, State Farm's motion should also be denied as to Section 658.  Accordingly,

    **IT IS ORDERED** that State Farm's **Motion for Partial Summary Judgment on Claim for Attorney's Fees and 50% Penalty under LA-R.S. 22:652 and LA-R.S. 22:658 (Rec. Doc. 34)** is hereby **DENIED.**

    **IT IS FURTHER ORDERED** that State Farm's **Motion for Leave to**

3

**File a Reply Memorandum to Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment on Retroactivity of La.-R.S. 22:658 (Rec. Doc. 43)** is hereby **DENIED** as moot.

New Orleans, Louisiana, this 11th day of December, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4