```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

SHERRY V. GOODWYNE, ET AL                CIVIL ACTION

VERSUS                                   NO: 06-9086

STATE FARM FIRE AND CASUALTY             SECTION: J(3)
COMPANY
```

### ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") **Motion in Limine and Motion to Strike Testimony of Plaintiffs' Expert Witness Daniel Imbornone, C.P.A. (Rec. Doc. 35)**. This motion, which Plaintiffs oppose only in part, is set for hearing on December 26, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that State Farm's motion should be granted as to Daniel Imbornone's testimony as an expert witness.

### Background Facts

Plaintiffs-insureds suffered dwelling and content damages due to Hurricane Katrina. State Farm paid the plaintiffs $22,995.79 for dwelling damages, contents, and loss of income attributable to wind, all pursuant to a business office policy issued by State Farm to Plaintiffs. Plaintiffs claim that State

Farm breached the insurance contract and owes them additional policy proceeds and damages.

This Court previously granted Plaintiffs' Motion to Extend Cut-Offs (Rec. Doc. 20), allowing for an extension of the deadline for the production of expert witness reports. The original deadline for Plaintiffs' expert reports was October 4, 2007. To date, Plaintiffs have not provided an expert report from their expert witness, Daniel Imbornone, C.P.A. ("Imbornone"), despite listing him as an expert.

## Discussion

State Farm seeks to strike Imbornone's expert testimony for failure to comply with Federal Rules of Civil Procedure 26, which Plaintiffs submit in support of their Loss of Income claim. According to Rule 26(a)(2)(B), unless otherwise stipulated or directed by the Court, disclosure of experts shall "be accompanied by a written report prepared and signed by the witness." State Farm has received no expert report from Imbornone, as Plaintiffs have informed State Farm that Imbornone will not be providing a report.

Plaintiffs respond with a request to withdraw Imbornone as an expert witness, but ask that he be allowed to testify as a fact witness if necessary. Plaintiffs chose not to incur the additional cost to receive a report based on loss of income as Plaintiff himself can testify to the loss that was incurred.

This Court finds that State Farm's Motion to Strike should be granted insofar as it will serve to withdraw Imbornone as an

expert witness.  However, Imbornone shall be allowed to testify as a fact witness for Plaintiff if necessary.  Accordingly,

**IT IS ORDERED** that State Farm's **Motion in Limine and Motion to Strike Testimony of Plaintiffs' Expert Witness Daniel Imbornone, C.P.A. (Rec. Doc. 35)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's witness Daniel Imbornone, C.P.A. shall be allowed to testify as a fact witness.

New Orleans, Louisiana, this 14th day of December, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE